Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Axsome Therapeutics, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AXSOME THERAPEUTICS, INC.,**<br>**Plaintiff,**<br>**v.**<br>**APOTEX INC.,**<br>**Defendant.** | **Civil Action No. ___________________**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiff Axsome Therapeutics, Inc. ("Axsome" or "Plaintiff"), by its undersigned attorneys, for its Complaint against defendant Apotex Inc. ("Apotex" or "Defendant"), alleges as follows:

## Nature of the Action

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, arising from the Defendant's filing of its Abbreviated New Drug Application ("ANDA") No. 220803 ("Apotex's ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of Plaintiff's Symbravo® (meloxicam and rizatriptan) tablets prior to the expiration of United States Patent Nos. 10,265,399 (the "'399 patent"), 10,265,400 (the "'400

patent”), 10,307,484 (the “’484 patent”), 10,369,225 (the “’225 patent”), 10,456,471 (the “’471 patent”), 11,266,657 (the “’657 patent”), 11,433,078 (the “’078 patent”), 11,433,079 (the “’079 patent”), 11,944,683 (the “’683 patent”), 12,005,118 (the “’118 patent”), 12,472,256 (the “’256 patent”), 12,472,257 (the “’257 patent”), 12,472,258 (the “’258 patent”), 12,485,176 (the “’176 patent”), 12,544,383 (the “’383 patent”), 12,551,488 (the “’488 patent”), 12,551,489 (the “’489 patent”), 12,611,413 (the “’413 patent”), 12,616,752 (the “’752 patent”), 12,685,736 (the “’5,736 patent”), and 12,691,123 (the “’123 patent”) (collectively, the “patents-in-suit”), all owned by Axsome.

## The Parties

2. Axsome is a biopharmaceutical company focused on discovering, developing, and commercializing novel therapeutics for central nervous system (“CNS”) conditions that have limited treatment options.

3. Axsome is a corporation existing under the laws of Delaware, having a principal place of business at One World Trade Center, New York, NY 10007.

4. On information and belief, Apotex is a corporation organized and existing under the laws of Canada, having a principal place of business at 150 Signet Drive, Toronto, Ontario, M9L 1T9, Canada.

## The Patents-in-Suit

5. On April 23, 2019, the United States Patent and Trademark Office (“USPTO”) duly and lawfully issued the ’399 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’399 patent is attached hereto as Exhibit 1.

6. On April 23, 2019, the USPTO duly and lawfully issued the ’400 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’400 patent is attached hereto as Exhibit 2.

7. On June 4, 2019, the USPTO duly and lawfully issued the ’484 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’484 patent is attached hereto as Exhibit 3.

8. On August 6, 2019, the USPTO duly and lawfully issued the ’225 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’225 patent is attached hereto as Exhibit 4.

9. On October 29, 2019, the USPTO duly and lawfully issued the ’471 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’471 patent is attached hereto as Exhibit 5.

10. On March 8, 2022, the USPTO duly and lawfully issued the ’657 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’657 patent is attached hereto as Exhibit 6.

11. On September 6, 2022, the USPTO duly and lawfully issued the ’078 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’078 patent is attached hereto as Exhibit 7.

12. On September 6, 2022, the USPTO duly and lawfully issued the ’079 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’079 patent is attached hereto as Exhibit 8.

13. On April 2, 2024, the USPTO duly and lawfully issued the ’683 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’683 patent is attached hereto as Exhibit 9.

14. On June 11, 2024, the USPTO duly and lawfully issued the ’118 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’118 patent is attached hereto as Exhibit 10.

15. On November 18, 2025, the USPTO duly and lawfully issued the ’256 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’256 patent is attached hereto as Exhibit 11.

16. On November 18, 2025, the USPTO duly and lawfully issued the ’257 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’257 patent is attached hereto as Exhibit 12.

17. On November 18, 2025, the USPTO duly and lawfully issued the ’258 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’258 patent is attached hereto as Exhibit 13.

18. On December 2, 2025, the USPTO duly and lawfully issued the ’176 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’176 patent is attached hereto as Exhibit 14.

19. On February 10, 2026, the USPTO duly and lawfully issued the ’383 patent, entitled, “Methods of Treating Migraines with a Combination of a Meloxicam and a Rizatriptan.” A copy of the ’383 patent is attached hereto as Exhibit 15.

20. On February 17, 2026, the USPTO duly and lawfully issued the ’488 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’488 patent is attached hereto as Exhibit 16.

21. On February 17, 2026, the USPTO duly and lawfully issued the ’489 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’489 patent is attached hereto as Exhibit 17.

22. On April 28, 2026, the USPTO duly and lawfully issued the ’413 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’413 patent is attached hereto as Exhibit 18.

23. On May 5, 2026, the USPTO duly and lawfully issued the ’752 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’752 patent is attached hereto as Exhibit 19.

24. On July 21, 2026, the USPTO duly and lawfully issued the ’5,736 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’5,736 patent is attached hereto as Exhibit 20.

25. On July 28, 2026, the USPTO duly and lawfully issued the ’123 patent, entitled, “Pharmaceutical Compositions Comprising Meloxicam.” A copy of the ’123 patent is attached hereto as Exhibit 21.

## **The Symbravo® Drug Product**

26. Axsome holds an approved New Drug Application (“NDA”) under Section 505(a) of the Federal Food Drug and Cosmetic Act, 21 U.S.C. § 355(a), for meloxicam and rizatriptan tablets (“NDA No. 215431”), which is sold under the trade name Symbravo®. Symbravo® is a combination of meloxicam and rizatriptan approved for the acute treatment of migraine with or without aura in adults. The claims of the patents-in-suit cover, *inter alia*, the pharmaceutical composition of Symbravo® and methods of using Symbravo®.

27. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Symbravo®.

**Jurisdiction and Venue**

28. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

29. This Court has personal jurisdiction over Apotex by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.

30. On information and belief, Apotex purposefully has conducted and continues to conduct business in this Judicial District.

31. On information and belief, Apotex is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

32. This Court has personal jurisdiction over Apotex pursuant to Federal Rule of Civil Procedure 4(k)(2), including because (a) Axsome's claims arise under federal law; (b) Apotex is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Apotex has sufficient contacts with the United States as a whole, including, without limitation, preparing and submitting pharmaceutical drug applications to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical drug products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Apotex satisfies due process.

33. On information and belief, this Judicial District will be a destination for the generic version of Plaintiff's meloxicam and rizatriptan tablets for which Apotex seeks FDA

approval to manufacture, market, import, offer for sale, and/or sell pursuant to ANDA No. 220803 ("Apotex's Proposed Product").

34. On information and belief, Apotex intends to benefit directly if its ANDA is approved by manufacturing, importing, distributing, and/or selling of Apotex's Proposed Product.

35. Apotex has purposefully availed itself of the rights, benefits, and privileges of New Jersey, including by asserting counterclaims in this Court. *See, e.g.*, *Axsome Therapeutics, Inc. v. Apotex Inc.*, No. 25-16038 (D.N.J.); *Incyte Corp.*, *et al. v. Apotex Inc.*, No. 25-4044 (D.N.J.); *Novo Nordisk Inc.*, *et al. v. Apotex Inc.*, No. 24-9729 (D.N.J.); *Jazz Pharms. Research UK Limited f/k/a GW Research Limited v. Apotex Inc.*, *et al.*, No. 24-7550 (D.N.J.); *Incyte Corp.*, *et al. v. Apotex Inc.*, No. 24-4366 (D.N.J.); *GW Research Ltd. v. Teva Pharms., Inc., et al.*, No. 23-3914 (D.N.J.); *Amgen Inc. v. Apotex Inc.*, No. 22-3827 (D.N.J.); *Supernus Pharms., Inc. v. Apotex Inc., et al.*, No. 20-7870 (D.N.J.); *Boehringer Ingelheim Pharms., Inc., et al. v. Apotex Inc., et al.*, No. 18-11350 (D.N.J.); *Patheon Softgels Inc. v. Apotex Inc., et al.*, No. 17-13819 (D.N.J.); *Merck Sharp & Dohme Corp. v. Apotex Inc., et al.*, No. 17-5399 (D.N.J.).

36. Venue is proper in this Judicial District for Apotex pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), including, for example, because Apotex is a company organized and existing under the laws of Canada and may be sued in any judicial district.

## Acts Giving Rise to This Suit

37. Pursuant to 21 U.S.C. § 355, Apotex filed ANDA No. 220803 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation of Apotex's Proposed Product, before the patents-in-suit expire.

38. On information and belief, in connection with the filing of Apotex's ANDA as described above, Apotex provided written certifications to the FDA, as called for by 21 U.S.C.

§ 355(j)(2)(A)(vii)(IV) ("Apotex's Paragraph IV Certifications"), alleging that the claims of U.S. Patent Nos. 9,821,075, 10,029,010, 10,058,614, 10,137,131, 10,195,278, 10,265,324, 10,363,312, 10,369,224, 10,426,839, 10,463,736, 10,471,014, 10,471,069, 10,512,692, 10,512,693, 10,517,950, 10,532,101, 10,537,642, 10,561,664, 10,583,144, 10,653,777, 10,688,102, 10,688,185, 10,695,429, 10,695,430, 10,702,535, 10,702,602, 10,722,583, 10,729,696, 10,729,697, 10,729,773, 10,758,617, 10,758,618, 10,780,165, 10,780,166, 10,799,588, 10,821,181, 10,821,182, 10,894,053, 10,905,693, 10,918,722, 10,933,136, 10,933,137, 10,940,153, 10,987,358, 11,013,805, 11,013,806, 11,020,483, 11,045,549, 11,135,295, 11,207,328, 11,219,626, 11,285,213, 11,331,323, 11,369,684, 11,426,414, 11,471,464, 11,471,465, 11,504,429, 11,510,927, 11,571,428, 11,602,563, 11,607,456, 11,617,755, 11,617,756, 11,617,791, 11,628,173, 11,712,441, 11,738,085, 11,759,522, 11,801,250, 11,806,354, 11,826,370, 11,865,117, 12,128,052, and 12,370,196 (together, "the C.A. No. 25-16038 patents") are invalid and/or will not be infringed by the activities described in Apotex's ANDA.

39. On information and belief, Apotex filed its ANDA pursuant to 21 U.S.C. § 355 seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product before the expiration of certain patents listed in the Orange Book with respect to Symbravo®.

40. On information and belief, following FDA approval of Apotex's ANDA, unless enjoined by the Court, Apotex will make, use, offer to sell, or sell Apotex's Proposed Product throughout the United States, or import such a generic product into the United States.

**Count I: Infringement of the '399 Patent by Apotex**

41. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

42. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '399 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

43. A justiciable controversy exists between the parties hereto as to the infringement of the '399 patent.

44. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '399 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

45. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '399 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '399 patent and knowledge that its acts are encouraging infringement.

46. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '399 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '399 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

47. Failure to enjoin Apotex's infringement of the '399 patent will substantially and irreparably damage Plaintiff.

48. Plaintiff does not have an adequate remedy at law.

49. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count II: Infringement of the '400 Patent by Apotex**

50. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

51. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '400 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

52. A justiciable controversy exists between the parties hereto as to the infringement of the '400 patent.

53. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '400 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

54. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '400 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's

Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '400 patent and knowledge that its acts are encouraging infringement.

55. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '400 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '400 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

56. Failure to enjoin Apotex's infringement of the '400 patent will substantially and irreparably damage Plaintiff.

57. Plaintiff does not have an adequate remedy at law.

58. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count III: Infringement of the '484 Patent by Apotex**

59. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

60. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '484 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

61. A justiciable controversy exists between the parties hereto as to the infringement of the '484 patent.

62. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '484 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

63. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '484 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '484 patent and knowledge that its acts are encouraging infringement.

64. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '484 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '484 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

65. Failure to enjoin Apotex's infringement of the '484 patent will substantially and irreparably damage Plaintiff.

66. Plaintiff does not have an adequate remedy at law.

67. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count IV: Infringement of the ’225 Patent by Apotex**

68. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

69. Apotex’s submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex’s Proposed Product, prior to the expiration of the ’225 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

70. A justiciable controversy exists between the parties hereto as to the infringement of the ’225 patent.

71. Unless enjoined by this Court, upon FDA approval of Apotex’s ANDA, Apotex will infringe one or more claims of the ’225 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex’s Proposed Product in the United States.

72. Unless enjoined by this Court, upon FDA approval of Apotex’s ANDA, Apotex will induce infringement of one or more claims of the ’225 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex’s Proposed Product in the United States. On information and belief, upon FDA approval of Apotex’s ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the ’225 patent and knowledge that its acts are encouraging infringement.

73. Unless enjoined by this Court, upon FDA approval of Apotex’s ANDA, Apotex will contributorily infringe one or more claims of the ’225 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex’s Proposed Product in the United States. On information and belief, Apotex knew and knows that

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '225 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

74. Failure to enjoin Apotex's infringement of the '225 patent will substantially and irreparably damage Plaintiff.

75. Plaintiff does not have an adequate remedy at law.

76. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count V: Infringement of the '471 Patent by Apotex**

77. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

78. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '471 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

79. A justiciable controversy exists between the parties hereto as to the infringement of the '471 patent.

80. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '471 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

81. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '471 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's

Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '471 patent and knowledge that its acts are encouraging infringement.

82. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '471 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '471 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

83. Failure to enjoin Apotex's infringement of the '471 patent will substantially and irreparably damage Plaintiff.

84. Plaintiff does not have an adequate remedy at law.

85. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count VI: Infringement of the '657 Patent by Apotex**

86. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

87. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '657 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

88. A justiciable controversy exists between the parties hereto as to the infringement of the '657 patent.

89. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '657 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

90. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '657 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '657 patent and knowledge that its acts are encouraging infringement.

91. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '657 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '657 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

92. Failure to enjoin Apotex's infringement of the '657 patent will substantially and irreparably damage Plaintiff.

93. Plaintiff does not have an adequate remedy at law.

94. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count VII: Infringement of the '078 Patent by Apotex**

95. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

96. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '078 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

97. A justiciable controversy exists between the parties hereto as to the infringement of the '078 patent.

98. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '078 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

99. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '078 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '078 patent and knowledge that its acts are encouraging infringement.

100. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '078 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '078 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

101. Failure to enjoin Apotex's infringement of the '078 patent will substantially and irreparably damage Plaintiff.

102. Plaintiff does not have an adequate remedy at law.

103. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count VIII: Infringement of the '079 Patent by Apotex**

104. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

105. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '079 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

106. A justiciable controversy exists between the parties hereto as to the infringement of the '079 patent.

107. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '079 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

108. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '079 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's

Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '079 patent and knowledge that its acts are encouraging infringement.

109. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '079 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '079 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

110. Failure to enjoin Apotex's infringement of the '079 patent will substantially and irreparably damage Plaintiff.

111. Plaintiff does not have an adequate remedy at law.

112. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count IX: Infringement of the '683 Patent by Apotex**

113. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

114. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '683 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

115. A justiciable controversy exists between the parties hereto as to the infringement of the '683 patent.

116. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '683 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

117. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '683 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '683 patent and knowledge that its acts are encouraging infringement.

118. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '683 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '683 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

119. Failure to enjoin Apotex's infringement of the '683 patent will substantially and irreparably damage Plaintiff.

120. Plaintiff does not have an adequate remedy at law.

121. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count X: Infringement of the '118 Patent by Apotex**

122. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

123. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '118 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

124. A justiciable controversy exists between the parties hereto as to the infringement of the '118 patent.

125. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '118 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

126. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '118 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '118 patent and knowledge that its acts are encouraging infringement.

127. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '118 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '118 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

128. Failure to enjoin Apotex's infringement of the '118 patent will substantially and irreparably damage Plaintiff.

129. Plaintiff does not have an adequate remedy at law.

130. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count XI: Infringement of the '256 Patent by Apotex**

131. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

132. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '256 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

133. A justiciable controversy exists between the parties hereto as to the infringement of the '256 patent.

134. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '256 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

135. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '256 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's

Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '256 patent and knowledge that its acts are encouraging infringement.

136. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '256 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '256 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

137. Failure to enjoin Apotex's infringement of the '256 patent will substantially and irreparably damage Plaintiff.

138. Plaintiff does not have an adequate remedy at law.

139. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count XII: Infringement of the '257 Patent by Apotex**

140. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

141. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '257 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

142. A justiciable controversy exists between the parties hereto as to the infringement of the '257 patent.

143. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '257 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

144. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '257 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '257 patent and knowledge that its acts are encouraging infringement.

145. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '257 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '257 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

146. Failure to enjoin Apotex's infringement of the '257 patent will substantially and irreparably damage Plaintiff.

147. Plaintiff does not have an adequate remedy at law.

148. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count XIII: Infringement of the '258 Patent by Apotex**

149. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

150. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '258 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

151. A justiciable controversy exists between the parties hereto as to the infringement of the '258 patent.

152. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '258 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

153. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '258 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '258 patent and knowledge that its acts are encouraging infringement.

154. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '258 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '258 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

155. Failure to enjoin Apotex's infringement of the '258 patent will substantially and irreparably damage Plaintiff.

156. Plaintiff does not have an adequate remedy at law.

157. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count XIV: Infringement of the '176 Patent by Apotex**

158. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

159. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '176 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

160. A justiciable controversy exists between the parties hereto as to the infringement of the '176 patent.

161. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '176 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

162. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '176 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's

Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '176 patent and knowledge that its acts are encouraging infringement.

163. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '176 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '176 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

164. Failure to enjoin Apotex's infringement of the '176 patent will substantially and irreparably damage Plaintiff.

165. Plaintiff does not have an adequate remedy at law.

166. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count XV: Infringement of the '383 Patent by Apotex**

167. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

168. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '383 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

169. A justiciable controversy exists between the parties hereto as to the infringement of the '383 patent.

170. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '383 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

171. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '383 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '383 patent and knowledge that its acts are encouraging infringement.

172. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '383 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '383 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

173. Failure to enjoin Apotex's infringement of the '383 patent will substantially and irreparably damage Plaintiff.

174. Plaintiff does not have an adequate remedy at law.

175. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count XVI: Infringement of the ’488 Patent by Apotex**

176. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

177. Apotex’s submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex’s Proposed Product, prior to the expiration of the ’488 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

178. A justiciable controversy exists between the parties hereto as to the infringement of the ’488 patent.

179. Unless enjoined by this Court, upon FDA approval of Apotex’s ANDA, Apotex will infringe one or more claims of the ’488 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex’s Proposed Product in the United States.

180. Unless enjoined by this Court, upon FDA approval of Apotex’s ANDA, Apotex will induce infringement of one or more claims of the ’488 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex’s Proposed Product in the United States. On information and belief, upon FDA approval of Apotex’s ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the ’488 patent and knowledge that its acts are encouraging infringement.

181. Unless enjoined by this Court, upon FDA approval of Apotex’s ANDA, Apotex will contributorily infringe one or more claims of the ’488 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex’s Proposed Product in the United States. On information and belief, Apotex knew and knows that

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '488 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

182. Failure to enjoin Apotex's infringement of the '488 patent will substantially and irreparably damage Plaintiff.

183. Plaintiff does not have an adequate remedy at law.

184. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count XVII: Infringement of the '489 Patent by Apotex**

185. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

186. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '489 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

187. A justiciable controversy exists between the parties hereto as to the infringement of the '489 patent.

188. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '489 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

189. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '489 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's

Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '489 patent and knowledge that its acts are encouraging infringement.

190. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '489 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '489 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

191. Failure to enjoin Apotex's infringement of the '489 patent will substantially and irreparably damage Plaintiff.

192. Plaintiff does not have an adequate remedy at law.

193. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count XVIII: Infringement of the '413 Patent by Apotex**

194. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

195. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '413 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

196. A justiciable controversy exists between the parties hereto as to the infringement of the '413 patent.

197. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '413 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

198. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '413 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '413 patent and knowledge that its acts are encouraging infringement.

199. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '413 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '413 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

200. Failure to enjoin Apotex's infringement of the '413 patent will substantially and irreparably damage Plaintiff.

201. Plaintiff does not have an adequate remedy at law.

202. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**<u>Count XIX:</u> <u>Infringement of the ’752 Patent by Apotex</u>**

203. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

204. Apotex’s submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex’s Proposed Product, prior to the expiration of the ’752 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

205. A justiciable controversy exists between the parties hereto as to the infringement of the ’752 patent.

206. Unless enjoined by this Court, upon FDA approval of Apotex’s ANDA, Apotex will infringe one or more claims of the ’752 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex’s Proposed Product in the United States.

207. Unless enjoined by this Court, upon FDA approval of Apotex’s ANDA, Apotex will induce infringement of one or more claims of the ’752 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex’s Proposed Product in the United States. On information and belief, upon FDA approval of Apotex’s ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the ’752 patent and knowledge that its acts are encouraging infringement.

208. Unless enjoined by this Court, upon FDA approval of Apotex’s ANDA, Apotex will contributorily infringe one or more claims of the ’752 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex’s Proposed Product in the United States. On information and belief, Apotex knew and knows that

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '752 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

209. Failure to enjoin Apotex's infringement of the '752 patent will substantially and irreparably damage Plaintiff.

210. Plaintiff does not have an adequate remedy at law.

211. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count XX: Infringement of the '5,736 Patent by Apotex**

212. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

213. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '5,736 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

214. A justiciable controversy exists between the parties hereto as to the infringement of the '5,736 patent.

215. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '5,736 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

216. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '5,736 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's

Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '5,736 patent and knowledge that its acts are encouraging infringement.

217. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '5,736 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '5,736 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

218. Failure to enjoin Apotex's infringement of the '5,736 patent will substantially and irreparably damage Plaintiff.

219. Plaintiff does not have an adequate remedy at law.

220. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count XXI: Infringement of the '123 Patent by Apotex**

221. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

222. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '123 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

223. A justiciable controversy exists between the parties hereto as to the infringement of the '123 patent.

224. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '123 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

225. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '123 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '123 patent and knowledge that its acts are encouraging infringement.

226. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '123 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '123 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

227. Failure to enjoin Apotex's infringement of the '123 patent will substantially and irreparably damage Plaintiff.

228. Plaintiff does not have an adequate remedy at law.

This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

(A) A Judgment that Apotex infringed one or more claims of each of the patents-in-suit by submitting ANDA No. 220803;

(B) A Judgment that Apotex has infringed the patents-in-suit by submitting ANDA No. 220803, and that Apotex's making, using, offering to sell, selling, or importing Apotex's Proposed Product will infringe one or more claims of each of the patents-in-suit;

(C) An Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of FDA approval of ANDA No. 220803 be a date no earlier than the later of the expiration of each of the patents-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(D) Preliminary and permanent injunctions enjoining Apotex and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from making, using, offering to sell, selling, or importing Apotex's Proposed Product until after the expiration of each of the patents-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(E) A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Apotex, its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from practicing any of the subject matter claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of each of the patents-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(F) A Judgment that the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Apotex's Proposed Product will directly infringe, induce and/or contribute to infringement of one or more claims of each of the patents-in-suit;

(G) To the extent that Apotex has committed any acts with respect to the subject matter claimed in the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Plaintiff damages for such acts;

(H) If Apotex engages in the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Apotex's Proposed Product prior to the expiration of the patents-in-suit, a Judgment awarding damages to Plaintiff resulting from such infringement, together with interest;

(I) A Judgment declaring that each of the patents-in-suit remains valid and enforceable;

(J) A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees, costs, and expenses incurred in this action; and

(K) Such further and other relief as this Court may deem just and proper.

Dated: August 31, 2026

By: s/ Charles M. Lizza
Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Axsome Therapeutics, Inc.*

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Catherine T. Mattes
Marta A. Godecki
Lourania M. Oliver
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
(212) 849-7000

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matter captioned *Axsome Therapeutics, Inc. v. Apotex Inc.*, No. 25-16038 (MEF)(AME) (D.N.J.) is related to the matter in controversy because the matter in controversy involves the same parties and the same accused Apotex product.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: August 31, 2026

By: s/ Charles M. Lizza
Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Axsome Therapeutics, Inc.*

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Catherine T. Mattes
Marta A. Godecki
Lourania M. Oliver
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
(212) 849-7000